IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES BROWN,                  :
    Plaintiff,              :
                           :
                           :
vs.                             :       CIVIL ACTION 17-0187-CG-M
                           :
Kenneth Peters, et al.,         :
    Defendants.             :
                           :

## REPORT & RECOMMENDATION

This action, which was filed by Charles Brown, an
Alabama state inmate, has been referred to the undersigned
pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR
72(a)(2)(R) for appropriate action. Upon review, it is
recommended that this action be dismissed due to
Plaintiff's failure to prosecute and comply with the
Court's order.

Plaintiff Brown filed this action pursuant to 42
U.S.C. § 1983 alleging that Defendants Warden Kenneth
Peters, Captain Kevin Bishop, Lieutenant Teresa Mitchell-
Norman, and Sergeant James McKenzie violated his
constitutional rights.[1]  (Doc. 16).  Plaintiff alleges he

---

[1]     This action was transferred from the Northern District
of Alabama and filed in the Southern District of Alabama on
April 28, 2017 (Doc. 9).  Plaintiff was ordered by the
Court to refile his complaint on this Court's form for a
complaint under 42 U.S.C. § 1983.  (Doc. 11).  Plaintiff
was advised that the new complaint would supersede the
prior complaint(s) filed in the Northern District of

was "thrown in a sally port" after receipt of two "arbitrary" disciplinary charges (Insubordination and Disorderly Conduct) "for the same offense." (Doc. 16-1 at 1). Plaintiff states he was handcuffed to a pole (a "hitching pole") in the sally port, restrained in direct sunlight for over seven (7) hours, and forced to "use the bathroom on himself" because the sally port lacks restroom facilities. (Doc. 16 at 4; Doc. 16-1 at 1). Additionally, Plaintiff alleges, "he was sanctioned at the disciplinary hearing 30-30 consecutive days in segregation only because he wanted his medical treatment." (Doc. 16-1 at 1).

In their Answer and Special Report, Defendants Peters, Bishop, and Mitchell-Norman argued that Plaintiff fails to state a plausible claim against any Defendant. (Doc. 33, Doc. 34 at 8-9). Defendants present evidence regarding the incident in question, including affidavits of the defendants, the incident report for the precipitating event in question, medical records, and disciplinary charges for the complained of incident. (*See* Docs. 34, 34-1, 34-2, 34-3, 34-4). The Answer and Special Report were converted into a motion for summary judgment on February 6, 2018.

---

Alabama and further advised not to rely on his prior complaint(s). (*Id.*). Plaintiff filed an amended complaint in this Court on July 25, 2017. (Doc. 16). The Court will considered this amended complaint (Doc. 16) to be the operative complaint of this action.

(Doc. 36). In the order converting the Answer and Special Report, Plaintiff was ordered to inform the Court in writing by March 6, 2018, if he desired to continue with this litigation and, he was cautioned that if he did not respond, the Court would consider him to have abandoned this action and the case would be dismissed. (Doc. 36 at 3). Plaintiff was also provided an opportunity to respond to the motion for summary judgment by the March 6th deadline. (*Id.*)

To date, Plaintiff has not responded to the Court's Order, nor has his copy of the Order been returned to the Court. It thus appears that he has lost interest in this litigation. In light of Plaintiff's failure to respond and to prosecute this action, his apparent loss of interest in this case, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.[2] *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S. Ct.

---

[2] The Court notes that Plaintiff's complaint, as it currently stands, is extremely vague, and conclusory allegations, those lacking specificity and evidentiary support, are insufficient to withstand a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997)(Mere conclusory allegations, "in the absence of supporting evidence, are insufficient to withstand summary judgment.").

1386, 8 L. Ed. 2d 734 (1962)(interpreting Rule 41(b) to not restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F. 3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F. 2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F. 2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)(ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

---

Plaintiff, as the nonmoving party to the motion for summary judgment, bears the burden of showing the existence of each essential element to his case on which he bears the burden of proof at trial. *Howard v. BP Oil Company*, 32 F.3d 520, 524 (11th Cir. 1994)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before

the Magistrate Judge is not specific.

**DONE** this 13th day of March, 2018.


                                    s/BERT W. MILLING, JR
                                    UNITED STATES MAGISTRATE JUDGE